McKinney, J.,
delivered the opinion of the Court.
This was an action of debt upon a bill single for $180, executed by Lancaster to Allen on the first of January, 1854.
The note expresses on its face that the money was payable to Allen, as guardian of one John Allen, for the hire of four slaves, the property of the ward, for the year 1854.
The suit was commenced before a justice on the 5th of September, 1858, and was taken by appeal to the Circuit Court, where judgment was rendered in favor of the plaintiff for the full amount due upon the note, with interest.
On the trial it was proved that, in April, 1855, the defendant sold the plaintiff a quantity of plank, and that in the summer of 1857, he also sold him a mule, and that it ivas agreed between the plaintiff and defendant, *328 at the time of the respective sales, that the price of the plank and mule was to be applied in payment of so much of the debt due upon the note for the hire of •said negroes. The plaintiff failed to enter any credit on the note, and refused, on the trial, to abide the agreement.
His honor, the Circuit Judge, instructed the jury that the agreement was illegal, and could not be enforced. And the question is, did the Court err in this instruction? We think not. To have appropriated the money of the ward, in the hands of the defendant, to the payment of the individual debt of the plaintiff for the plank and mule purchased, for his own benefit, from the defendant, would have been a wilful misapplication of the trust fund, and would have involved both parties in a direct breach of trust. No argument is necessary to establish the proposition, that if a guardian, or other trustee, agree to 4o an act, which, in itself, is a manifest breach of trust, and the party who concurs in the act has notice of the trust, neither party will be heard in a court of justice to insist upon the performance of such act. Such an agreement is regarded as a fraud upon the rights of the beneficiary; and all who participate in it, knowingly, will be equally affected by it.
It is not necessary to discuss the question, whether, if the executory agreement had been actually carried into effect, by applying the price of the plank and mule as a payment on the note, such payment, as against the guardian, would have .been good or not. The admission that it might have been operative, by way of estoppel upon the plaintiff, though invalid as against the ward, would not in tho least degree militate against the *329 proposition we have asserted, that, as an executory agreement, its performance cannot be enforced.
The judgment will be affirmed.